# EXHIBIT B

Electronically Submitted
3/1/2022 9:15 AM
Gregg County District Clerk
By: Patricia Adams, deputy

CAUSE NO. 2022-273-CCL2

| | | |
|---|---|---|
| **EVERARDO FLORES** | § | IN THE ~~DISTRICT COURT~~ COUNTY COURT AT LAW 2 |
| | § | |
| VS. | § | OF GREGG COUNTY, TEXAS |
| | § | |
| **EDDIE SMITH AND** | § | |
| **INTERLAND, INC.** | § | ____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **EVERARDO FLORES**, Plaintiff, and files this, his Original Petition and complains of **EDDIE SMITH** and **INTERLAND, INC.,** Defendants, and for cause of action would respectfully show unto the Court the following:

### I.

### DISCOVERY CONTROL PLAN

Discovery in this case is intended to be conducted under Level 2 of Rule 190.3, of the Texas Rules of Civil Procedure. Plaintiff seeks monetary relief over $250,000.00 but not more than $1,000,000, excluding interest, statutory or punitive damages and penalties, and attorneys' fees and costs. The amount pled, as required by Texas Rule of Civil Procedure 47, is not for argument to the jury. The monetary relief actually awarded will ultimately be determined by the judge or jury.

### II.

### PARTIES TO THIS ACTION

Plaintiff, **EVERARDO FLORES**, resides in Tyler, Smith County, Texas. The last three digits of Plaintiff's Social Security number are 650.

Defendant, **EDDIE SMITH**, resides at 1084 East Avenue, Armory, MS 38821. **Citation is requested for this Defendant and service will be completed by a private process server.**

Defendant, **INTERLAND, INC.**, is for profit corporation registered to do business in Texas with its principal place of business in Atlanta, GA. Defendant can be served through it's registered

agent, Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218. **Citation is requested for this Defendant and service will be completed by a private process server.**

### III.

### JURISDICTION AND VENUE

Pursuant to TEX. CIV. PRAC. & REM. CODE ANN. 15.002 (a)(1), venue is proper in Gregg County, Texas because all, or a substantial part, of the events or omissions giving rise to this claim occurred in Gregg County, Texas.  Jurisdiction is proper in this court because the amount in controversy exceeds the minimum jurisdictional requirements of this court.

### IV.

### FACTUAL ALLEGATIONS

On or about January 5, 2021 at approximately 2:13 p.m., Plaintiff, **EVERARDO FLORES**, was operating a Dodge 3500 pick up truck and traveling east on IH-20 in Gregg County, Texas near 582 milepost along with other drivers.   Plaintiff was stopped in the left lane along with other traffic due to a crash that was further down the road at milepost 503.  A 2018 Freightliner tractor trailer owned by Defendant, **INTERLAND, INC.,** and operated by Defendant, **EDDIE SMITH**, was also traveling east on IH-20.  When Defendant, **EDDIE SMITH,** saw that traffic was stopped, he swerved the tractor trailer to the left and scraped alongside a concrete barrier to avoid striking other vehicles in front of him.  Defendant, **EDDIE SMITH**,  failed to control the speed of the tractor trailer and ultimately side-swiped and struck two other vehicles and then ultimately struck the left quarter panel of Plaintiff's vehicle.

The negligence of the Defendants, **EDDIE SMITH** and **INTERLAND, INC.,** singularly or in combination, proximately caused the injuries and damages claimed herein.

**PLAINTIFF'S ORIGINAL PETITION** 2

Copy from re:SearchTX

## V.

## CAUSES OF ACTION AGAINST EDDIE SMITH

<u>Negligence</u>
Leading up to and at the time of the occasion above-described, **EDDIE SMITH** was negligent in various acts and omissions, which negligence was the proximate cause of the occurrence in question including, but not limited to:

1. Failing to control his speed or operating his tractor trailer at a speed greater than is reasonable and prudent under the conditions and having regard for actual and potential hazards then existing in violation of Texas Transportation Code §545.351;
2. Driving in a reckless manner in violation of Texas Transportation Code 545.401;
3. Failing to keep a proper lookout;
4. Failing to yield the right of way in violation of Texas Transportation Code Sec. 545.151;
4. Failing to properly apply his brakes in order to avoid a collision;
5. Failing to safely and reasonably control his vehicle;
6. Failing to act and/or respond in a reasonable manner; and;
7. Other negligent acts or omissions that may be shown at the trial of this matter.

Each of the above described acts or omissions constitute negligence that, singularly or in combination, was the proximate cause of the occurrence in question and resulting injuries and damages to the Plaintiff.

## VI.

## CAUSES OF ACTION AGAINST O'REILLY AUTO ENTERPRISES, LLC

<u>Negligence</u>
Leading up to, and at the time of the accident described above, Defendant, **INTERLAND, INC.,** was negligent in various acts and omissions, which were the proximate cause of the occurrence in question including, but not limited to:

1. Failing to screen and supervise its drivers;
2. Failing to take reasonable care in hiring its employees;

Copy from re:SearchTX

3. Failing to train its employees regarding proper operation of a vehicle pursuant to Chapter 725 of the Texas Transportation Code; and,
4. Other negligent acts or omissions that may be shown at the trial of this matter.

## VII.

### DOCTRINE OF RESPONDEAT SUPERIOR

**EDDIE SMITH** was an employee, agent, servant and employee of **INTERLAND, INC..** At the time of the collision in question, **EDDIE SMITH** was in the course and scope of his employment and engaged in the service of **INTERLAND, INC**. and in the furtherance of such business at all times relevant to the incident made the basis of this suit. Specifically, the Plaintiff will show that **INTERLAND, INC**. had the right to control all of the activities of **EDDIE SMITH** at all times material hereto and that these activities include, but are not limited to, any of the foregoing acts or omissions identified. Accordingly, **EDDIE SMITH** was in the course and scope of his employment with **INTERLAND, INC**. at all times relevant to the incident made the basis of this lawsuit, and therefore, **INTERLAND, INC**. is responsible for all of Plaintiff's damages under the doctrine of respondeat superior.

## VIII.

### NEGLIGENCE PER SE

The actions and conduct of the Defendants, as set forth in paragraph V, are in violation of the traffic laws of the Transportation Code of the State of Texas, which constitutes negligence per se, for which the Plaintiff intends to rely on at the trial, as said negligence per se is a proximate cause of the occurrence in question and restyling damages and injuries to the Plaintiff.

---

PLAINTIFF'S ORIGINAL PETITION                                                                                           *4*

Copy from re:SearchTX

## IX.

## DAMAGES

As a result of the above described acts or omission of the Defendants, **EVERARDO FLORES**, has been injured in the following respects including, without limitation:

1. Physical pain, suffering, and mental anguish in the past;
2. Physical pain, suffering, and mental anguish that the Plaintiff will, in all reasonable medical probability, suffer in the future;
3. Hospital, medical, doctor, ambulance and pharmaceutical bills incurred in the past;
4. Hospital, doctor, medical, and pharmaceutical bills which the Plaintiff will, in all reasonable medical probability, incur in the future;
5. Physical impairment to the person of the Plaintiff that have been incurred in the past;
6. Physical impairment to the person of the Plaintiff which, in all reasonable medical probability, they will suffer in the future; and,
7. Physical disfigurement to the person of the Plaintiff that have been sustained in the past;
8. Physical disfigurement to the person of the Plaintiff that will in all reasonable probability be sustained in the future;
9. Lost wages in the past;
10. Loss of earning capacity in the future;
11. Property damage; and
12. All applicable costs of court.

## X.

## INTEREST

The Plaintiff hereby seeks all Pre-Judgment and Post-Judgment interest in the maximum amounts as allowed by law on each separate and individual element of damage.

## XI.

## TRCP RULE 193.7 NOTICE

Pursuant to Texas Rules of Civil Procedure Rule 193.7, Plaintiff intends to use all documents produced by the Defendants as authenticated documents.

---

**PLAINTIFF'S ORIGINAL PETITION**                                                                                     5

Copy from re:SearchTX

## XII.

## REQUEST FOR JURY TRIAL

Plaintiff hereby requests a trial by jury.

## XIII.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendants be cited to appear and answer and that upon a final hearing they have judgment against the Defendants, jointly and severally, and recover as follows:

a. Judgment against Defendants for Plaintiff's actual damages as set forth above, in an amount in excess of the minimum jurisdictional limits of this Court;
b. Pre-judgment and post-judgment interest at the maximum rate allowed by law;
c. Costs of Court; and
d. All other and further relief to which Plaintiff may be entitled.

Respectfully submitted,

**J. Chad Parker, PLLC**
3808 Old Jacksonville Road
Tyler, TX 75701
Telephone: 903-509-3400
Facsimile: 903-509-3401

By: _____
**J. CHAD PARKER**
Chad@jchadparker.com
State Bar No. 00786153
**AMY MILLS**
amy@jchadparker.com
State Bar No. 00784607

**ATTORNEYS FOR PLAINTIFF**